UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER ALBA,<br><br>                       Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                       Defendant. | Case No. 3:13-cv-05338-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for child's insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On November 5, 2010, plaintiff filed concurrent applications for child's insurance benefits and SSI, alleging disability as of January 1, 1995, due to multiple impairments including anxiety, depression and migraine headaches. See Administrative Record ("AR") 150-57, 170. Plaintiff's applications were denied upon initial administrative review and on reconsideration. See AR 79-109. A hearing was held before an administrative law judge ("ALJ") on September

ORDER - 1

15, 2011, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert Steve M. Floyd. See AR 39-73.

On October 25, 2011, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 16-38. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 1, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481. On June 4, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No. 5. The administrative record was filed with the Court on October 1, 2013. See Dkt. No.13. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, because the ALJ erred in: (1) evaluating plaintiff's severe impairments; (2) evaluating the medical evidence in the record; and (3) discounting plaintiff's credibility. Dkt. No. 15. For the reasons set forth below, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds that defendant's decision should be affirmed.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will,

ORDER - 2

nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I. **The ALJ's Step Two Determination**

Plaintiff argues that the ALJ erred at step two by finding plaintiff's migraine headaches and irritable bowel syndrome ("IBS") not severe impairments. Dkt. No. 15, pp 4-8. Plaintiff

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

asserts this error is significant because these impairments would cause him to miss work at least two days a month and the vocational expert testified that this level of absenteeism would preclude an individual from maintaining employment. Dkt. No. 15, pp 7-8 (citing AR 71).

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.

At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c); see also SSR ("SSR") 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3. An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988).

Although the ALJ must take into account a claimant's pain and other symptoms (see 20 C.F.R. § 404.1529, § 416.929) at step two of the sequential evaluation, the severity determination is made solely on the basis of the objective medical evidence in the record:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential

ORDER - 4

<u>evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.</u>

SSR 85-28, 1985 WL 56856 *4 (emphasis added).

### A. Migraines

The ALJ found plaintiff's migraines not severe because they were episodic and did not cause significant limitations in his ability to do work activities. AR 23. In support of this rationale, the ALJ provided a detailed summary of the medical evidence related to plaintiff's headaches and noted that during the relevant period plaintiff was treated by medical professionals for headaches infrequently, one to two times per year, and was not taking any prescription medication for his headaches. AR 22-23. The ALJ further noted that if plaintiff "really had headaches at a 10/10 level twice a month that had been ongoing for years, there would be some reports in the medical evidence. There are not." AR 23.

Plaintiff argues the ALJ's findings were not based on an accurate reading of the medical record. Dkt. No. 15, p. 5. This Court disagrees. The ALJ's determination that plaintiff's migraine headaches were not severe was supported by the medical evidence, which showed infrequent, conservative treatment for headaches. AR 22-23. The ALJ's conclusion that plaintiff's migraines were not severe was a reasonable interpretation of this evidence. <u>See</u> <u>Allen</u>, 749 F.2d at 579 ("If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld); <u>see also</u> <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989) (substantial evidence is "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting <u>Davis v. Heckler</u>, 868 F.2d 323, 325-26 (9th Cir. 1989)). For these reasons, the ALJ's finding that plaintiff's migraine headaches were not severe was supported by substantial evidence and is affirmed.

### B. Irritable Bowel Syndrome

ORDER - 5

The ALJ found plaintiff's IBS was unsubstantiated by objective clinical findings and not severe because the record showed only episodic complaints of stomach problems.  AR 23.  In support of this finding, the ALJ summarized the medical evidence related to plaintiff's stomach problems, which was comprised of three treatment visits in 2010 related to an episode of pain and bloody stools, and pointed out that plaintiff's gastroenterologist diagnosed "probable" IBS.  AR 23.  The ALJ also noted that plaintiff believed his IBS was related to his anxiety and panic attacks.  AR 23.[2]  At the hearing, Plaintiff testified that his stomach symptoms stemmed from his anxiety and that if his anxiety was low, his stomach problems were not as bad and easier to handle.  AR 64.  The ALJ accommodated plaintiff's anxiety related limitations in the RFC finding by including multiple nonexertional limitations such as working in a routine and predictable environment, away from the public and with only casual coworker context.  AR 25.

Plaintiff argues that the ALJ's finding that plaintiff's IBS was not a medically determinable impairment was an error since the diagnosis of IBS is usually a process of elimination.  Dkt. No. 15, p 6; see AR 23, 26.  Even if this finding was an error, the ALJ's alternate finding that plaintiff's IBS was not severe because it was episodic, and therefore did not cause significant limitations on plaintiff's ability to perform work related activities, is reasonable in light of the fact that all of plaintiff's treatment for abdominal problems was related to a single episode of pain and bleeding in 2010.  See Magallanes, 881 F.2d at 750.  For these reasons, the ALJ's finding that plaintiff's IBS was not a severe impairment because the record showed only episodic complaints was supported by inferences reasonably drawn from the record and is affirmed.  See Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").

---

[2] Plaintiff's gastroenterologist also noted the connection between plaintiff's anxiety and his stomach symptoms.  AR 23, 64, 481, 483.

ORDER - 6

## II. The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff next argues that the ALJ erred by failing to give clear and convincing reasons to reject the 2008, 2009 and 2010 medical opinions of examining psychologist Norma Brown, Ph.D, that plaintiff had a severe limitation in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting . Dkt. No 15, pp 8-11.  Dr. Brown defined a severe limitation as the "[i]nability to perform one or more basic work activities."  AR 254.  Plaintiff argues that Dr. Brown's opinions were significant because this limitation would cause him to be absent from work two or more days per month and the VE testified that this level of absenteeism would preclude sustained employment.  Dkt. No. 15, p 11 (citing AR 71).

Dr. Brown examined plaintiff yearly from 2008 to 2011.  AR 254-72, 466-79, 507-20, 540-51.  The ALJ rejected Dr. Brown's 2008 assessment of plaintiff's functional limitations because it was inconsistent with her later assessments that showed no problems in cognitive functioning and improved social functioning.  AR 28.  Plaintiff takes no issue with this rejection.  The ALJ largely gave significant weight to Dr. Brown's 2009 to 2011 assessments.  AR 28.  The ALJ rejected, however, Dr. Brown's findings that plaintiff had a severe limitation in responding to work pressures because this limitation was based on plaintiff's self reports of anxiety, which were not entirely credible, and because plaintiff did not exhibit any anxiety symptoms during Dr. Brown's 2009 examination, which was consistent with the reports of most of plaintiff's medical providers.  AR 28-29.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

ORDER - 7

Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when an examining psychologist's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. In general, an examining [psychologist's] opinion is "entitled to greater weight than the opinion of a nonexamining [psychologist]." Id. A non-examining psychologist's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

ORDER - 8

Plaintiff argues that the ALJ was required to provide clear and convincing reasons to reject the opinion of Dr. Brown. Dkt. No. 15, p. 8. When an examining psychologist's opinion is contradicted, however, that opinion can be properly rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830. Here, Dr. Brown's opinions regarding plaintiff's severe limitation in the ability to tolerate the pressures of a normal work setting were contradicted by her own later opinion that plaintiff had no more than moderate limitations in any area of work related functioning. AR 509-10. Dr. Brown's opinions were also contradicted by the opinion of state agency examining psychologist Michael L. Brown, Ph.D, who opined plaintiff had largely no significant or moderate limitations in work related functioning.[3] AR 434-37. And, as the ALJ noted, Dr. Brown's opinions were also contradicted by treatment notes from plaintiff's treating and examining medical sources that documented the absence of anxiety symptoms during visits or examinations. AR 27-28 (citing AR 360-84, 416-30, 467, 495 as notable for the absence of anxiety symptoms). The ALJ provided specific and legitimate reasons, supported by substantial evidence in the record to reject Dr. Brown's opinion.

Citing Ryan v. Commissioner of the Social Security Administration, 528 F.3d 1194, 1199-2000 (9th Cir. 2008)(citing Elund v. Massanari, 253 F.3d 1152, 1159 (9th Cir. 2001)), plaintiff argues that the ALJ impermissibly substituted her own credibility assessment for Dr. Brown's professional opinion. Dkt. No. 15, pp. 8-9. In Ryan, the court found that the ALJ did "not provide clear and convincing reasons for rejecting an examining [psychologist's] opinion by questioning the credibility of the patient's complaints where the doctor [did] not discredit those

---

[3] Dr. Michael L. Brown also opined that plaintiff had a marked limitation in the ability to interact appropriately with the general public. AR 435. The ALJ accommodated this limitation in the RFC by finding that plaintiff should work away from the public. AR 25.

ORDER - 9

complaints and support[ed] his ultimate opinion with his own observations." 528 F.3d at 1199-2000.

The Ninth Circuit's finding in Ryan, 528 F.3d 1194, however, is both legally and factually distinguishable from the case at bar. First, as discussed previously, the ALJ needed only to provide specific and legitimate reasons supported by substantial evidence to properly reject the opinions of Dr. Brown. See Lester, 81 F.3d at 830. Moreover, in Ryan, the examining psychologist made several clinical observations regarding the claimant's mental health symptoms. 528 F.3d at 1199-2000. In contrast, Dr. Brown made no clinical observations regarding plaintiff's anxiety during her examinations. See AR259 (reporting plaintiff's mood as dysphoric not anxious), 542 (documenting "… no anxiety evident today"), 543 (reporting that plaintiff's mental health treatment appears to be working well "as there were no signs of anxiety or depression today;" and that there "were no obvious signs of anxiety or depression manifested during [psychological evaluation]"), 467 (noting that none of plaintiff's reported symptoms were observed during the examination), 508 (noting that none of plaintiff's reported symptoms were observed during the examination).

Although Dr. Brown did not directly discredit plaintiff's reports, Dr. Brown's ultimate opinion that plaintiff had a severe limitation in tolerating the pressures and expectations of a normal work setting was not supported by Dr. Brown's clinical observations. Rather, Dr. Brown's opinion was based on plaintiff's own report. See AR 469 (reporting in 2010 that plaintiff could not tolerate the pressures and expectations in a normal work setting because "[plaintiff] said he has no tolerance for frustration."). Here, the record suggests that Dr. Brown relied more heavily on plaintiff's description of how he performs under pressure than her own clinical observations in forming her opinion. Id. As such, the ALJ provided specific and

ORDER - 10

legitimate reasons, supported by substantial evidence to reject the opinion of Dr. Brown that plaintiff could not tolerate pressures in a normal work setting.  Lester, 81 F.3d at 830.

III.     The ALJ's Assessment of Plaintiff's Credibility

Plaintiff also argues that the ALJ erred by failing to provide clear and convincing reasons to find his testimony not fully credible.  Dkt. No. 15, pp 11-16.  The ALJ found plaintiff's reports not credible because they were inconsistent with other evidence in the record, including plaintiff's reports to his medical providers.  AR 26-27.

Questions of credibility are solely within the control of the ALJ.  See Sample, 694 F.2d at 642.  The Court should not "second-guess" this credibility determination.  Allen, 749 F.2d at 580.  In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence.  See id. at 579.  To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief."  Lester, 81 F.3d at 834 (citation omitted).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints."  Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  Lester, 81 F.2d at 834.

Here, the ALJ provided clear and convincing reasons, supported by substantial evidence to reject plaintiff's complaints by noting multiple inconsistencies in plaintiff's reports regarding his ability to socialize with others and regarding his migraine headaches.  AR 26-27.  In doing so, the ALJ summarized the relevant evidence and specifically identified the evidence that undermined plaintiff's testimony.  AR 26-27; see Lester, 81 F.3d at 834.    In determining a

ORDER - 11

claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

Plaintiff's statements regarding the frequency of his headaches varied throughout the record.  For example, at the hearing, plaintiff testified that his migraines started around age seven, that he had them three to four times a week by junior high and that after high school he started having them daily/constantly with only small, three to four hour reprieves.  AR 26, 49-52.  Whereas, plaintiff reported to his neurologist that he experienced daily headaches since age 13, lasting up to seven hours each day.  AR 22 (citing 532-39).  Elsewhere, plaintiff reported experiencing four migraines per month that usually lasted all day.  AR 26 (citing 234).  Plaintiff also reported experiencing headaches six days per week.  AR 22 (citing 491).  Additionally, as the ALJ also pointed out, plaintiff's report that he is able to spend about eight hours per day on the computer is inconsistent with his testimony that he had constant migraines with only short reprieves.  See AR 26 (citing AR 509).

Plaintiff's testimony regarding his social life reflected similar inconsistencies.  See AR 26-27.  For example, in his application for disability benefits plaintiff reported that he did not see anyone other than his father.  AR 26 (citing AR 205).  In contrast, plaintiff reported elsewhere that he had a girlfriend, (AR 26 (citing AR 264, 317)), went out with friends (AR 26 (citing AR 331-32, 336)), was beginning potential relationships with other women (AR 26 (citing 349, 356, 431)) and played a game with friends (AR 26 (citing AR 356)).  As the ALJ concluded, these records indicate that plaintiff was not as socially isolated as he claimed in his application for benefits.  See AR 27.

ORDER - 12

Although plaintiff raises multiple errors with the ALJ's credibility finding, that some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence, as it is here. Tonapetyan, 242 F.3d at 1148.  The ALJ provided clear and convincing reasons, supported by substantial evidence in the record to reject plaintiff's reports.  For this reason, the ALJ's credibility finding is affirmed.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 7th day of May, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 13